[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a tax appeal brought by the plaintiff, The Common Fund, a non-profit corporation with its principal place of business in Fairfield, pursuant to General Statutes 12-119[1], against the Town of Fairfield. The parties have both moved for summary judgment based on their respective interpretations of General Statutes 12-81(7), which exempts from taxation both the real property of "a corporation organized exclusively for . . . educational purposes . . . and used exclusively for carrying out . . . such purpose[s] and the personal property of . . . any such corporation, provided (a) any officer, member or employee thereof does not receive . . . any pecuniary profit from the operations thereof, except reasonable compensation for services in effecting one or more of such purposes . . ."
The plaintiff claims that it is exempt from taxation pursuant to that statute because it was organized for and currently operates exclusively for educational purposes. The Town of Fairfield argues that the real and personal property of CT Page 9331 the plaintiff is not exempt from taxation because the Common Fund does not comply with the statutory requirements for exemption from local property taxes.
The plaintiff was described by counsel for both parties as an absolutely unique entity with no counterpart anywhere in the United States. It was created by an act of the New York legislature in 1955 as a non-stock corporation. Its purpose as outlined in its constitution was and remains to obtain endowment and investment funds from colleges and universities across the country, to pool these resources and invest them in such a manner as to obtain a greatest return than the individual schools could accomplish themselves. The plaintiff does this by hiring professional investment managers at a cost less than the individual schools would be obliged to pay. The plaintiff is controlled by the various colleges and universities that use the plaintiff's services, and is administered by a board of directors named by the various educational institutions. Only bona-fide educational institutions are permitted to invest their funds with the plaintiff.
The Common Fund began operating in 1971, with a grant from the Ford Foundation, and moved to Fairfield in 1985. Its application for tax-exempt status was denied by the defendant's assessor. The plaintiff owns a building on Reef Road, has approximately fifty employees, and has personal property such as office equipment and computers. More than one thousand schools in this country participate in its pooling arrangements, and its assets are in the neighborhood of twelve billion dollars. The defendant assessed plaintiff's real estate as worth approximately $800,000 and its personal property at approximately $280,000.
The Common Fund is exempt from federal income taxation pursuant to section 501(c)(3) of the Internal Revenue Code, and Congress enacted section 501(f) of the Code to specifically exempt the Common Fund from taxation as an organization "formed and controlled by the investing educational institutions themselves." The plaintiff is also exempt from Connecticut's sales and use tax.
General Statutes 12-81(7) refers to an officer of an organization such as the plaintiff being entitled to "reasonable compensation." The Common Fund's chief executive officer's salary is approximately $500,000, which the plaintiff claims is reasonable, but the defendant disagrees. The Common Fund charges CT Page 9332 the colleges and universities a fee for its investment advice and services[2], and is thus, according to the defendant, not an institution devoted to education, but rather an investment entity separate and distinct from the schools that utilize its services.
By virtue of amendments to the pleadings the assessments on the dates of October 1, 1989, October 1, 1990 and October 1, 1991 have also been challenged.
The issue is whether the Common Fund was formed and operates "exclusively" for "educational purposes" in accordance with General Statutes 12-81(7). The starting point I believe is a determination as to burden of proof and construction of statutes permitting exemptions from taxation. Our Chief Justice summarized these issues as follows in Plastic Tooling Aids Laboratory, Inc. v. Commissioner, 213 Conn. 365, 369,567 A.2d 1218 (1990): "First, statutes that provide exemptions from taxation are a matter of legislative grace that must be strictly construed against the taxpayer. Second, any ambiguity in the statutory formulation of an exemption must be resolved against the taxpayer. Third, the taxpayer must bear the burden of proving the error in an adverse assessment concerning an exemption."
Although this appeal presents a close question about which reasonable people could clearly differ, this court concludes that the plaintiff should not be exempted from taxation based on the standards set forth in Plastic Tooling, supra. It does not appear that the plaintiff operates exclusively for educational purposes as mandated by the exemption statute. Rather, it provides an investment service to educational institutions for which it charges a fee.
The Common Fund argues that in effect it is the same as its constituent members, all of whom are educational institutions, since it was created by such institutions and is controlled by them through the board of directors appointed by the various schools. It appears to me, however, that the plaintiff is a distinct entity, separate from the educational institutions it serves, and one that charges a fee to these institutions. Hence it does not fit within the statutory definition of an educational institution. Plaintiff also claims that it is a "charitable" institution, also exempt from local property tax in accord with General Statutes 12-81(7), because of its success in maximizing income to its member schools. Again, I do not agree that the CT Page 9333 Common Fund is a charitable institution within the meaning of the exemption statute as one organized and operating exclusively for charitable purposes. According to Waterbury First Church Housing, Inc. v. Brown, 170 Conn. 556, 560, 367 A.2d 1386 (1976), charity "comprehends activities . . . which are intended to improve the physical, mental and moral condition of the recipients and make it less likely that they will become burdens on society and more likely that they will become useful citizens;" Id., 560; and also such an institution's income must "be based to some measurable extent on sums coming from private sources which are spent for the public weal." Id., 563.
The Common Fund asserts that since it is exempt from federal income tax and our state's sales and use tax, it must necessarily be exempt from local property taxes. This is not correct because as is pointed out in Waterbury First Church Housing, Inc. v. Brown, supra, 558-59, there is a distinction between exemption from federal tax under 26 U.S.C. § 501 (c)(3) and exemption from local property tax. The latter requires compliance with our state statute governing exemptions and is not controlled by federal income tax principles. The plaintiff also claims that the imposition of taxes by the defendant might well be so onerous as to drive it out of business with a resulting adverse effect on over 1000 colleges and universities. This dire prediction seems somewhat overstated as the town of Fairfield's annual tax bill in 1989 for both real and personal property amounted to approximately $8,500, which is in marked contrast to the salaries the plaintiff paid its top eight executives in the same year, which was in the neighborhood of $1,200,000.
In conclusion the plaintiff's motion for summary judgment is denied as it has failed to sustain its burden of proving that it is entitled to an exemption from taxation, and the defendant's motion for summary judgment subjecting the Common Fund to its real and personal property taxes is granted, with costs to be taxed by the clerk.
So Ordered.
Dated at Bridgeport, Connecticut this 8th day of October, 1992.
WILLIAM B. LEWIS, JUDGE